IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 13-10031-01-JTM

JASON MATTHEW PENNINGTON,

        Defendant.

MEMORANDUM AND ORDER

On June 19, 2013, a grand jury returned a fifty-one-count indictment against defendant Jason Matthew Pennington alleging several counts of wire fraud, mail fraud, money laundering, bank fraud, false statements to a financial institution and filing false tax returns. On May 15, 2014, Pennington filed a Motion to Dismiss (Dkt. 39). The government filed its response on May 27. *See* Dkt. 43. The court held a hearing on the motion on July 29, 2014.

**I. Legal Standard – Motion to Dismiss Indictment**

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Poole,* 929 F.2d 1476, 1478 (10th Cir. 1991). "It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Hathaway*,

318 F.3d 1001, 1009 (10th Cir. 2003) (internal quotation marks and citation omitted). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (internal citations omitted); *see also United States v. Williams*, 679 F.2d 504, 508 (5th Cir. 1982) (stating that FED. R. CRIM. P. 7(c) "does not mean that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense").

"[A] challenge to the indictment is not a vehicle for testing the government's evidence." *Redcorn*, 528 F.3d at 733. "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gama-Bastidas*, 222 F. 3d 779, 785 (10th Cir. 2000) (citing *United States v. Fitzgerald,* 89 F.3d 218, 222 (5th Cir. 1996)). The court determines the sufficiency of an indictment by practical rather than technical considerations. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

**II. Analysis**

In counts four through fifteen, the government alleges wire fraud/attempted wire fraud under 18 U.S.C. §§ 1343 and 1349, citing twelve wire transmissions containing false representations by Pennington in executing or attempting to execute a scheme to defraud. In counts four through fifteen, the superseding indictment alleges in its entirety:

2

> On or about the dates set forth below, in the District of Kanas and elsewhere, Jason Matthew Pennington, a/k/a J. Matthew Pennington, a/k/a Matthew Pennington, a defendant herein, having devised and intending to devise a scheme to defraud as described above, in executing the scheme and attempting to execute the scheme, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count: . . . . All in violation of Title 18, United States Code § 1343 and § 1349.

Dkt. 3. The superseding indictment includes a chart listing the specific wire transmissions and dates of occurrence upon which counts four through fifteen are based. The superseding indictment sets forth counts four through fifteen in the words of the statutes and contains the date, place and nature of the charged illegal activity. The government "need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Redcorn*, 528 F.3d at 733. "It is thus entirely sufficient to give the defendants fair notice and enable them to determine whether to raise a double jeopardy defense. That is all that our precedents require." *Id.* Accordingly, the indictment sufficiently alleges these counts against Pennington.

In counts sixteen through twenty, the government alleges mail fraud/attempted mail fraud under 18 U.S.C. §§ 1341 and 1349, citing five mailings containing false representations by Pennington in executing or attempting to execute a scheme to defraud. The superseding indictment alleges counts sixteen through twenty as follows:

> On or about the dates set forth below, in the District of Kanas and elsewhere, Jason Matthew Pennington, a/k/a J. Matthew Pennington, a/k/a Matthew Pennington, a defendant herein, having devised and intending to devise a scheme to defraud as described above, in executing the scheme and attempting to execute the scheme, knowingly placed and caused to be placed in a post office and in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service,

3

>and deposited and caused to be deposited matter to be sent and delivered by a commercial interstate carrier, documents and correspondence with each mailing being a separate count: . . . . All in violation of Title 18, United States Code § 1341 and § 1349.

Dkt. 3. The superseding indictment includes a chart listing the specific mailings and dates of occurrence upon which counts sixteen through twenty are based. Once again, the superseding indictment sets forth counts sixteen through twenty in the words of the statutes and contains the date, place and nature of the charged illegal activity. *See Redcorn*, 528 F.3d 733. The court holds that the indictment sufficiently alleges these counts.

In counts twenty-one through forty-two, the government alleges money laundering under 18 U.S.C. §§ 1957 and 2, citing twenty-two transactions by Pennington involving property of a value greater than $10,000 having been derived from wire fraud and mail fraud. The superseding indictment alleges counts twenty-one through forty-two as follows:

>On or about the dates set forth below, in the District of Kanas and elsewhere, Jason Matthew Pennington, a/k/a J. Matthew Pennington, a/k/a Matthew Pennington, a defendant herein, knowingly engaged and attempted to engage in monetary transactions by, through and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is deposits, withdrawals, transfers and exchanges described below of United States currency, funds and monetary instruments in the amounts specified below, such property having been derived from a specified unlawful activity, that is, Wire Fraud in violation of Title 18 United States Code § 1343; Mail Fraud in violation of Title 18 United States Code § 1341 and Attempted Wire Fraud and Attempted Mail Fraud in violation of Title 18 United States Code § 1349: . . . . All in violation of Title 18, United States Code § 1957 and 2.

4

Dkt. 3. The superseding indictment includes a chart listing the specific transactions and dates of occurrence upon which counts twenty-one through forty-two are based. The superseding indictment sets forth counts twenty-one through forty-two in the words of the statutes and contains the date, place and nature of the charged illegal activity. *See Redcorn*, 528 F.3d 733. The indictment sufficiently alleges these counts.

Pennington argues that the indictment is insufficient as to counts four through forty-two. Specifically, Pennington argues that he was named as successor trustee to the trust the government accuses him of fraudulently taking property from, and that the government will have to prove that his actions were outside the scope of his duties as successor trustee. Pennington also argues that the government will have to prove that he was not acting according to the wishes of Ms. Brown, the woman who established the trust. Pennington suggests the government must prove that Brown did not have the capacity to establish the trust or that Pennington unduly influenced her into making the trust. However, Pennington does not provide any legal basis for arguing that the government must bear this burden at the indictment stage. Indeed, the government does not bear such burden at this stage according to the appropriate standard for reviewing an indictment set forth above. *See Poole,* 929 F.2d at 1478.

Pennington also argues that the money he received from Brown's assets during her lifetime was a valid inter vivos gift to him from Brown. He correctly asserts that an inter vivos gift requires donative intent, delivery and acceptance. Pennington argues that the latter two elements are undisputed here, and he provides a "proffer" of evidence that Brown had donative intent to make this gift. Pennington's proffer is

5

merely a statement in his brief that "Brown was not a feeble-minded individual, that she authorized the transfer of funds from her accounts, that she signed necessary documents and checks to do so, and that she was aware and appreciated the value of her actions in transferring monies and property to Mr. Pennington during her own lifetime." Dkt. 52. In sum, Pennington assures the court that all the elements of an inter vivos gift are met, and he believes the government must rebut his statement at the indictment stage. The court is not convinced by this argument and will not dismiss the indictment based on what amounts to the defendant's insistence that he did not commit a crime.

The government will have to prove its case at trial but at the indictment stage it need not "allege in detail the factual proof that will be relied upon to support the charges." *Redcorn*, 528 F.3d at 733. In the indictment, the government is not required to set forth facts and evidentiary details necessary to establish each of the elements of the charged offenses. *Williams,* 679 F.2d at 508. The government is only required to allege the elements of the offenses charged, which it has done here. Pennington's issues with the factual background contained in the indictment are irrelevant at this point, because this factual background is unnecessary as a matter of law. *See United States v. Harper,* 579 F.2d 1235, 1239–40 (10th Cir. 1978) (stating "When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage and such surplusage need not be proved."). Accordingly, the court denies Pennington's motion to dismiss the indictment.

IT IS THEREFORE ORDERED this 5th day of August, 2014, that Pennington's Motion to Dismiss (Dkt. 39) is denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, CHIEF JUDGE