IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                        Case No. 13-10031-01-JTM

JASON MATTHEW PENNINGTON,
    Defendant.

**MEMORANDUM AND ORDER**

This case is before the court to address defendant Jason Matthew Pennington's *pro se* Motion for Early Termination of Supervised Release (Dkt. 101). Mr. Pennington contends that he is deserving of early termination because he has completed over fifty percent of his term of supervised release, has complied with all requirements imposed during his period of supervision, has paid all fines and court costs, is no danger to the community, and has had no contact with law enforcement during his supervision. Mr. Pennington's United States Probation Officer, Robyn Swanson, confirmed that Mr. Pennington began supervision on April 5, 2018 and that he has been compliant with his terms of supervision since that date. Based upon Mr. Pennington's compliance, stable employment, and stable living situation the U.S. Probation office does not oppose his motion for early termination.

The United States, however, opposes the motion due to an unsatisfied forfeiture judgment against Mr. Pennington in the amount of $392,250.00. (*See* Dkt. 102). On January 15, 2015, the court sentenced Mr. Pennington to a term of 42 months in Bureau of Prisons custody after he pled guilty to three counts of a superseding indictment filed against him.

(Dkt. 88, p. 1-2). After his release, defendant was to be on supervised release for three years. (*Id.*, p. 3). Mr. Pennington was not ordered to pay Restitution in the Judgment; however, the Schedule of Payments contained a special instruction that "[t]he defendant shall forfeit the defendant's interest in the following property to the United States: Money judgments of $287,250.00 and $105,000.00, for a cumulative amount of $392,250.00." (Dkt. 88, p. 6). That sum represented the value of the proceeds derived or obtained from the offenses in counts 2, 6, and 45 of the superseding indictment of which Pennington was convicted.

On February 16, 2018, the court entered an Order of Seizure and Forfeiture as to Certain Substitute Property of Defendant. (Dkt. 95). At the time of the Order, the unpaid balance on defendant's personal forfeiture judgment was $391,640.00. The court found that due to Mr. Pennington's acts or omissions the illegal proceeds could not be located upon due diligence or the proceeds had been sold to, transferred, or deposited with a third party. (Dkt. 95, p. 2). Consequently, the court entered an order forfeiting substitute property pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p)(1)(A) – (B). (*Id.*). The substitute property consisted of men's and women's jewelry in an aggregate value of $41,439.66. (*Id.*). A Final Order of Forfeiture was entered on July 18, 2018 (Dkt. 100) which specified that "defendant shall be given a credit for the above property against his forfeiture money judgment." Crediting Mr. Pennington for the substitute property forfeited to the United States leaves a balance due of $350,200.34.

The United States' objection to the motion for early termination notes that Mr. Pennington filed for bankruptcy while on supervised release in this matter, United States

2

Bankruptcy Court for the District of Kansas case number 19-10112-13. The United States was not initially listed as a creditor in those proceedings despite the remaining balance due on the forfeiture judgment. According to counsel for the government, when she inquired of Mr. Pennington's bankruptcy counsel as to why the forfeiture judgment had not been reported to the bankruptcy court, Mr. Pennington's counsel advised they had not been made aware of the criminal judgment.

The court is mindful that Mr. Pennington has not had a chance to respond to the United States' allegations, but notes that Mr. Pennington's motion does not mention the forfeiture judgment. The motion instead glosses over the money judgment stating only that "Mr. Pennington has paid all fines and court costs, and has no restitution." (Dkt. 101). The court finds Mr. Pennington's statement is not entirely accurate in light of the outstanding balance owed to the United States.

While defendant may be compliant with a majority of the terms of his supervision, then, the court finds that he is not in compliance with special condition number 3 which required him to "[p]ay outstanding monetary restitution imposed by the court." (Dkt. 88, p.4). The court is particularly troubled by defendant's failure to list the judgment in his bankruptcy proceedings, when doing so would potentially have precluded the United States from receiving payments through those proceedings as a creditor (which, to defendant's benefit, would have lowered the balance due on defendant's criminal monetary judgment). Under those circumstances, the court does not deem Mr. Pennington to be an appropriate candidate for early termination of supervised release at this time. The court's denial of the motion is without prejudice to Mr. Pennington's ability

3

to re-file the motion, providing that he can state a satisfactory explanation for his failure to list the criminal monetary judgment in his bankruptcy proceedings and address his intentions as far as satisfying that judgment in the future.

For the reasons stated above, Mr. Pennington's motion for early termination is DENIED.

IT IS SO ORDERED.

Dated this 16th day of October, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT